UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cr-00031-MOC-DSC

| UNITED STATES OF AMERICA | ) |  |
|---|---|---|
|  | ) |  |
| Vs. | ) | **ORDER** |
|  | ) |  |
| **GERVAN ROMAIN TAYLOR,** | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 80). Defendant seeks early release from prison under 18 U.S.C. § 3582(c)(1)(A) based on the COVID-19 pandemic. The Government has responded in opposition to the motion.

## I. BACKGROUND

On January 31, 2019, the Defendant was named in a three count Bill of Information. (Doc. No. 59). Count one alleged that Defendant engaged in a Conspiracy to Distribute a Controlled Substance, in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(A), and 846; Count two alleged Money Laundering in violation of 18 U.S.C. §§1956(a)(1)(B)(i) and 1956(h); and Count Three alleged violations of 21 U.S.C. §§841(a)(1) and 841(b)(1)(B). (Id.). Defendant pleaded guilty pursuant to a plea agreement on February 7, 2019. (Doc. No. 6F1). On September 5, 2019, this Court sentenced the Defendant to 78 months imprisonment, followed by three years supervised release. (Doc. No. 73). On May 12, 2020, the Defendant filed a pro se Motion for Home Confinement. (Doc. No. 76). The Court denied Defendant's request for Home

-1-

Confinement on May 21, 2020. (Doc. No. 77).

On December 16, 2020, Defendant made a motion for Compassionate Release with this Court. (Doc. No. 80). Defendant showed he had applied for compassionate release with the Warden of FSL Jesup on April 16, 2020. (Doc. No. 84, Ex. B). That application was denied on April 22, 2020. (Doc. No. 84, Ex. C). Since the Warden of FSL Jesup has acted on Defendant's request, Defendant's motion is ripe for review by this Court.

Defendant's request for Compassionate release cites only to his tuberculosis and asthma as being the basis for his compassionate release motion. Tuberculosis is not among the known conditions which to places an individual at an increased risk of severe illness from COVID-19. Defendant's medical records and his compassionate release motion both indicate that his tuberculosis has resolved. (Doc. No. 84, Ex. A; Doc. No. 80 at 1). The defendant self-reports asthma, with an inhaler was first prescribed on April 2, 2020. (Doc. No. 84, Ex. A at 15). Defendant's medical records note that there is no documented history or treatment for asthma or breathing issues prior to April of 2020, aside from Defendant's self-reported history. (Id.). There is no indication that Defendant's asthma is moderate or severe in nature and "might" increase his risk of illness from COVID-19.

## II. DISCUSSION

By its terms, 18 U.S.C. § 3582(c)(1)(A) permits the Court to reduce a defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that

-2-

Case 3:19-cr-00031-MOC-DSC   Document 86   Filed 01/25/21   Page 2 of 7

he or she is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a non-binding policy statement addressing motions for reduction of sentences under § 3582(c)(1)(A).[1] As relevant here, the non-binding policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction"; (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The policy statement includes an application note specifying the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is: (I) suffering from a

---

[1] In a recent decision, the Fourth Circuit determined that the policy statement is no longer binding on courts deciding compassionate release motions because U.S.S.G. § 1B1.13 was enacted before the First Step Act. United States v. McCoy, 2020 WL 7050097 (4th Cir. Dec. 2, 2020). Specifically, the Fourth Circuit held that the policy statement found in U.S.S.G. § 1B1.13 does not apply to compassionate release motions brought by inmates under 18 U.S.C. § 3582(c)(1)(A)(i). Id. at **6–9. The McCoy Court reasoned that, because Section 1B1.13 applies only to motions brought by the Bureau of Prisons, it cannot be the policy statement applicable in circumstances where defendants bring their own motions for compassionate release. Id. In place of the no-longer-applicable policy statement, McCoy permits "courts [to] make their own independent determinations of what constitutes an 'extraordinary and compelling reason[ ]' under § 3582(c)(1)(A), as consistent with the statutory language[.]" Id. at *9. The McCoy Court noted, however, that Section 1B1.13 "remains helpful guidance even when motions are filed by defendants." Id. at *7 n.7. Because this Court finds that the policy statement is extremely helpful in assessing motions for compassionate release brought by defendants, the Court will rely on it as guidance.

-3-

serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)-(C). Finally, in addition to the non-binding policy statement, the Fourth Circuit has recently clarified that courts may make their own independent determinations as to what constitute "extraordinary and compelling reasons" to warrant a reduction of sentence under Section 3582(c)(1)(A). <u>United States v. McCoy</u>, 2020 WL 7050097 (4th Cir. Dec. 2, 2020).

The mere existence of the COVID-19 pandemic, which poses a general threat to every non-immune person in the country, cannot alone provide a basis for a sentence reduction. The conditions described in U.S.S.G. § 1B1.13 encompass specific serious medical conditions afflicting an individual inmate, not generalized threats to the entire population. As the Third Circuit has held, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." <u>United States v. Raia</u>, 954 F.3d 594, 597 (3d Cir. 2020).

That does not mean, however, that COVID-19 is irrelevant to a court's analysis of a motion under Section 3582(c)(1)(A). If an inmate has a chronic medical condition that has been identified by the CDC as elevating the inmate's risk of becoming seriously ill from COVID-19,[2]

---

[2] <u>See</u> Centers for Disease Control, People with Certain Medical Conditions, available at

-4-

that condition may satisfy the standard of "extraordinary and compelling reasons." Under these circumstances, a chronic condition (i.e., one "from which [the defendant] is not expected to recover") reasonably may be found to be "serious" and to "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility," even if that condition would not have constituted an "extraordinary and compelling reason" absent the risk of COVID-19. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii)(I).

Here, Defendant fails to meet the heightened standard required by § 3582(c)(1)(A)(i). The only condition cited by Defendant which qualifies as a CDC risk factor is asthma.[3] Asthma is listed as one of the conditions where an individual "might be at an increased risk" for severe illness from COVID-19. (Id.). In this case, the evidence that Defendant has asthma is limited to Defendant's own self-reporting. (Doc. No. 84, Ex. A. at 15). Defendant appears to have been prescribed an inhaler for the first time in April of 2020 and, aside from a single treatment note on April 2, 2020, has not been otherwise treated for asthma. (Id.). His medical ailments appear to be under control and his asthma does not present any impediment to his ability to provide self-care in the prison. For these reasons, Defendant has failed to establish his asthma presents an "extraordinary and compelling reason" for a sentence reduction under § 3582(c).

Furthermore, even if Defendant's condition places him at an increased risk of COVID-19, he is not entitled to relief after a consideration of the 3553(a) factors. Under the applicable policy statement, this Court must deny a sentence reduction unless it determines the defendant "is not a

---

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (as of November 23, 2020).

[3] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last accessed November 17, 2020).

danger to the safety of any other person or to the community." USSG § 1B1.13(2). Here, it seems likely that Defendant would pose a danger to public safety if released; additionally, this Court must consider the § 3553(a) factors, as "applicable."

The § 3553(a) factors disfavor a sentence reduction. Defendant was sentenced to 78 months in prison for Conspiracy to distribute narcotics, distribution of methamphetamine, and money laundering. (Doc. No. 73). The imposed sentence was below the advisory guideline of 87-108 months. (Doc. No. 70 at ¶ 69). Defendant has currently served about 33% of the imposed sentence. (Doc. No. 84, Ex. D at 2). Granting Defendant's request for early release would not adequately reflect the seriousness of Defendant's offense, promote respect for the law, provide just punishment based on the seriousness of the offenses, or provide adequate deterrence from such conduct.

Additionally, the history and characteristics of Defendant's offense necessitate a lengthy sentence. Defendant does not have a lengthy criminal history, but he was involved in the possession of with intent to distribute approximately 1.5 kilograms of methamphetamine, as well as attempting to launder the resulting proceeds. (Doc. No. 70 at ¶¶12-20).

In sum, in light of Defendant's record and the totality of relevant circumstances, this Court denies the motion for a sentence reduction. (Doc. No. 80). Having thus considered Defendant's motion and reviewed the pleadings, the Court enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 80), is **DENIED**.

Signed: January 25, 2021

Max O. Cogburn Jr
United States District Judge